NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL AND
MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

IAN ALEXANDER MACDONALD, *Appellant.*

No. 1 CA-CR 14-0755
FILED 10-4-2016

Appeal from the Superior Court in Maricopa County
No. CR2013-106318-001 DT
The Honorable Roland J. Steinle, Judge (Retired)
The Honorable Karen A. Mullins, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Heath Law Firm, PLLC, Mesa
By Mark Heath
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Kenton D. Jones joined.

---

**W I N T H R O P**, Presiding Judge:

¶1        Ian Alexander MacDonald ("Appellant") appeals his conviction and sentence for one count of manslaughter.  Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating he has searched the record for error but failed to identify any "arguable question of law."   Appellant's counsel therefore requests that we review the record for fundamental error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999) (stating that this court reviews the entire record for reversible error).  This court allowed Appellant to file a supplemental brief *in propria persona*, but Appellant has not done so.

¶2        We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).[1]  Finding no reversible error, we affirm.

**FACTS AND PROCEDURAL HISTORY[2]**

¶3        On February 15, 2013, a grand jury issued an indictment charging Appellant with Count I, second degree murder, a class one dangerous felony.  *See* A.R.S. § 13-1104.

¶4        At trial, the State presented the following evidence:  On the evening of January 26-27, 2013, Appellant entered the Martini Ranch

---

[1]    We cite the current version of all applicable statutes because no revisions material to this decision have occurred since the date of the offense.

[2]    We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant.  *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

nightclub with his girlfriend and a large group of friends. Appellant and his friends had reserved a table in the VIP section upstairs, known as the "Shaker Room," for a birthday celebration. After verbal altercations between Appellant's group and other patrons, security personnel asked Appellant's group to leave and escorted them downstairs. As the group left, Appellant cursed at one of the patrons who had reported the group to security.

¶5        Appellant and one of the security employees argued as they descended the stairs. At the bottom of the stairs, Appellant tried to leave through the main entrance, but instead, security escorted Appellant through the exit leading to the west gate because there were less patrons and a lesser chance of causing a scene.

¶6        The victim here was the security employee standing at the west gate exit that evening. After Appellant had been escorted out the west gate, he and the victim became involved in a physical altercation. While the two men wrestled upright, Appellant's girlfriend attacked the victim, and the two men fell to the ground, with the victim on top. Appellant, who had a knife with him, pulled out the knife and stabbed the victim seven or eight times. The injuries and loss of blood from those injuries caused the victim's eventual death on February 2, 2013.

¶7        At the conclusion of the trial, the jury was unable to reach a consensus on the charge of second degree murder, but found Appellant guilty of the lesser-included offense of manslaughter, and further found that it was a dangerous offense and the State had proven four alleged aggravating factors.

¶8        At sentencing, the trial court, after weighing the aggravating and mitigating factors presented, imposed an aggravated term. The court sentenced Appellant to eighteen years' imprisonment, with credit for 112 days of presentence incarceration. Appellant filed a timely notice of appeal.

## ANALYSIS

¶9        We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537, ¶ 30, 2 P.3d at 96. The evidence presented at trial was substantial and supports the verdict. Appellant was represented by counsel at all stages of the proceedings and was given the opportunity to speak at sentencing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶10          After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

¶11          Appellant's conviction and sentence are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA